HERMAN NIBBELINK, Appellant, v. P. E. DE VRIES et al., Appellees.

No. 43280.

MARCH 17, 1936.

582

Klay & Klay, for appellant.

Van Oosterhout & Kolyn, for appellees P. E. and Minnie De Vries.

HAMILTON, J.—On August 8, 1934, plaintiff recovered judgment against the defendants, Peter E. De Vries and Minnie De Vries, for sum of $17,020.19, with 8 per cent interest per annum from the 31st day of July, 1934, and for costs in the amount of $54.50, which judgment was made a lien upon certain premises described in a mortgage given to secure said indebtedness, and the decree was granted foreclosing said mortgage and ordering special execution for the sale of said premises. On the same day special execution was issued for the sale of the mortgaged premises.

On the 8th day of September, 1934, one month after the decree was entered, the defendant P. E. De Vries filed an application for an order to recall the special execution setting forth certified copy of an order of Hon. George C. Scott, United States District Judge, approving debtor's petition in proceedings under section 75 (s) of the Bankruptcy Act, commonly known as the Frazier-Lemke Act (as added by Act June 28, 1934, 48 Stat. 1289), and asking that no further proceedings be taken in the state court under said execution until the termination of the proceedings in the federal court. This application was granted by the district court and an order entered decreeing that special execution for the sale of the mortgaged real estate be recalled, and that no sale of said real estate be held, that the execution be marked canceled and be returned to the clerk of the district court of Sioux county, Iowa, and that no further execution issue in said case until jurisdiction over the defendant's property had been surrendered by the federal court. The sheriff accordingly returned the execution stating: "The within execution recalled. Action thereon stayed by order of court. Dated September, 1934." Thereafter, the Supreme Court of the United States having held the Frazier-

Lemke Act unconstitutional, the proceedings in the bankruptcy court were dismissed. Louisville Joint Stock Land Bank v. Radford, 295 U. S. 555, 55 S. Ct. 854, 79 L. Ed. 1593, 97 A. L. R. 1106.

Thereafter, to wit, on July 18, 1935, the plaintiff filed an "Application to Amend Decree," alleging that, by reason of securing said stay of the former execution, the defendants, under section 11775 of the Code of Iowa, had lost their right to redeem, and that plaintiff was now entitled to decree ordering the sale of said real estate without redemption, and asking that the decree be modified by striking from the eighth paragraph of said decree the words, "and except such rights of redemption as are specifically provided by law," and the following words, "and be not redeemed as provided by law within one year from the date of sale," and inserting in lieu thereof the following: "and sheriff's deed shall immediately issue to the purchaser at said foreclosure sale." This application was set down for hearing, and plaintiff was ordered to serve the defendants with notice of said application at least four days before the time set for hearing, which order was complied with. On July 22, 1935, the defendant P. E. De Vries filed a motion to dismiss plaintiff's application to amend decree, setting forth: "That more than eleven months have elapsed since the filing and entry of said decree. That no appeal has been taken from said decree by any party and that said decree stands as a finality, and that the court has no jurisdiction to alter or amend said decree at this time, and particularly has no jurisdiction to do so in connection with this proceeding," and alleging further that section 11775 has no application to this proceeding, and that there is no such stay as contemplated by said statute, and that in any event, Minnie De Vries, wife of the defendant, against whom personal judgment was also obtained, has a right to redeem because of her liability for the mortgage indebtedness under dower and homestead rights in said real estate, and that she has taken no steps to postpone proceedings, and has done nothing to lose her right of redemption, and further alleging that other judgment lienholders have a right to make redemption from any sale that might be had under said judgment. A similar motion was filed by Minnie De Vries. This application to amend decree and motions to dismiss said application were duly submitted to the district court, and on the 29th day of

July, 1935, the trial court entered the following order: "Now on this 29th day of July, 1935, it is ordered that the application of the plaintiff for an amendment to the decree of foreclosure heretofore entered in this case be not allowed, and plaintiff excepts. It is further ordered that the motions of the defendants to dismiss said application be and they are sustained, and plaintiff excepts." And it is from this order that the plaintiff has appealed.

We know of no statutory provision authorizing such a procedure as that undertaken by the plaintiff in his application to amend the decree nine months after the same had become a finality. The statutory procedure to modify a judgment is found in chapter 552 of the Code (section 12787 et seq.). Section 12787 provides:

"Where a final judgment or order has been rendered or made, the district court, in addition to causes for a new trial hereinbefore authorized, may, after the term at which the same was rendered or made, vacate or modify the same or grant a new trial:

"1. For mistake, neglect, or omission of the clerk, or irregularity in obtaining the same.

"2. For fraud practiced in obtaining the same.

"3. For erroneous proceedings against a minor or person of unsound mind, when such errors or condition of mind do not appear in the record.

"4. For the death of one of the parties before the rendition of the judgment or making of the order, if no substitute has been made of the proper representative before the rendition of the judgment or order.

"5. For unavoidable casualty or misfortune preventing the party from prosecuting or defending.

"6. For error in the judgment or order shown by a minor within twelve months after arriving at majority."

Manifestly, the application in this case is not based upon any of the grounds covered by this provision of our Code. Furthermore, the plaintiff is not entitled to "amend" or modify the decree in such a way as to deprive Mrs. De Vries or other junior lienholders of the right to make redemption according to the provisions of the statute. We find no error in the ruling of the trial court, and the cause is accordingly affirmed. We

do not determine the rights of the debtor defendant P. E. De Vries to make redemption of said premises under any future sale.—Affirmed.

DONEGAN, C. J., and ANDERSON, ALBERT, MITCHELL, KINT-ZINGER, RICHARDS, and PARSONS, JJ., concur.